AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
9/30/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
SEP 30 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___slo___ DEPUTY

United States of America

v.

HUGO EDUARDO PULIDO-AVINA,
  aka "Hugo Eduardo Pulido Avina,"
    "Hugo Eduardo Pulido," and
    "Hugo Pulido,"

Defendant.

Case No.   2:20-mj-04696-Duty

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of February 2, 2020, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a), (b)(2) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts: *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Carlos G. Ayala
*Complainant's signature*

Carlos G. Ayala, Deportation Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 9/30/2020

John E. McDermott
*Judge's signature*

City and state: Los Angeles, California

*Printed name and title*

**AFFIDAVIT**

I, Carlos G. Ayala, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against HUGO EDUARDO PULIDO-AVINA, also known as "Hugo Eduardo Pulido Avina," "Hugo Eduardo Pulido," and "Hugo Pulido" ("PULIDO-AVINA"), charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and arrest warrant, and does not purport to set forth all of my knowledge of, or investigation into, this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER CARLOS G. AYALA

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since September 2015. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field

office. Prior to working for ICE as a DO, I worked as an Immigration Enforcement Agent with ICE since September 2005.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about February 2, 2020, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that PULIDO-AVINA was arrested and in the custody of the Los Angeles Police Department ("LAPD") in Los Angeles, California. On or about that same day, a DHS Immigration Detainer was lodged with LAPD. On or about February 2, 2020, the DHS Immigration detainer was not honored and PULIDO-AVINA was released.

5. On or about March 16, 2020, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that PULIDO-AVINA was arrested and in the custody of the Los Angeles Police Department ("LAPD") in Los Angeles, California. On or about that same day, a DHS Immigration Detainer was lodged with LAPD. On or about March 27, 2020, the DHS Immigration detainer was not honored and PULIDO-AVINA was released.

6. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

7. On April 20, 2020, I obtained and reviewed DHS A-File A099-892-817, which is maintained for the subject alien "PULIDO-AVINA." The A-File contained the following documents and information:

a. Photographs of the subject alien to whom DHS A-File A099-892-817 corresponds. I compared the photographs in the A-File to photographs taken at the time of PULIDO-AVINA's booking into LAPD custody on or about March 16, 2020. I thus determined that DHS A-File A099-892-817 and its contents correspond to PULIDO-AVINA.

b. Two executed Warrants of Removal/Deportation (Form I-205) indicating that PULIDO-AVINA was officially removed or deported from the United States on or about August 20, 2015, and March 31, 2017. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. All executed Warrants of Removal/Deportation in PULIDO-AVINA's DHS A-File contain a photograph, a signature, and fingerprint.

c. A certified conviction record showing that PULIDO-AVINA was convicted on or about July 24, 2013, under the name "Hugo Eduardo Pulido," of Attempted Second Degree Robbery, in violation of California Penal Code Section 664-211, in the Superior Court of the State of California, Los Angeles County, case number BA4033506, for which PULIDO-AVINA was sentenced to 16 months' imprisonment.

3

        d.   Various documents, in addition to the Warrant of Removal/Deportation, indicating that PULIDO-AVINA is a native and citizen of Mexico. These documents include: (i) one Order of an Immigration Judge, dated September 19, 2014, ordering PULIDO-AVINA removed to Mexico; and (ii) one Record of Sworn Statement, dated February 18, 2017, which states that PULIDO-AVINA is a native and citizen of Mexico.

    8.   On or about April 20, 2020, I reviewed the printouts of the Interstate Identification Index ("III"). Based on my training and experience, I know that the III database tracks and records arrests and convictions of individuals according to an individual's State Identification number or Federal Bureau of Investigation number. The III printouts confirmed that PULIDO-AVINA had been convicted of the crimes reflected on the documents contained in PULIDO-AVINA DHS A-File, described above.

    9.   On April 20, 2020, I reviewed the printouts of ICE computer indices on PULIDO-AVINA. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is removed or excluded from the United States by ICE, or deported by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that PULIDO-AVINA had been removed and deported on the dates indicated on the Warrants of Removal/Deportation found in PULIDO-AVINA's DHS A-File and described above. The ICE computer indices further indicated that PULIDO-AVINA had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security,

4

permission to re-enter the United States legally since PULIDO-AVINA had last been deported.

     10. Based on my review of PULIDO-AVINA's DHS A-File, I determined that his A-File does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in PULIDO-AVINA's DHS A-File.

## IV. CONCLUSION

     11. For all the reasons described above, there is probable cause to believe that HUGO EDUARDO PULIDO AVINA has violated Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 30th day of
Sept., 2020.

*John E. McDermott*

_____
UNITED STATES MAGISTRATE JUDGE

5