UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>HUGO PULIDO-AVINA,<br><br>              Defendant. | Case No. 2:21-cr-00396-FLA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY [DKT. 76]** |

## RULING

On August 24, 2021, defendant Hugo Pulido-Avina ("defendant" or "Pulido-Avina") was indicted on a single count of being an alien found in the United States following removal, in violation of 8 U.S.C. §§ 1326(a), (b)(2). Dkt. 16. Trial is scheduled to begin on February 22, 2022.

On December 17, 2021, defendant filed the instant Motion to Compel Discovery ("Motion"). Dkt. 76 ("Mot."). The United States of America ("the government") opposes the Motion. Dkt. 85 ("Opp.").

/ / /

1

On January 27, 2022, the court ordered the government to lodge, in camera, materials responsive to defendant's discovery request by February 11, 2022. Dkt. 100. Having reviewed the submitted materials, the court DENIES defendant's Motion.

**DISCUSSION**

Two warrants of removal, also known as Forms I-205, purport to show defendant in this action was deported in 2015 and 2017. Mot. 4; *see also* Dkts. 64-1, 64-2. Both forms are signed by immigration officers who supposedly witnessed defendant's departure from the country, but the signatures are illegible. *See* Dkts. 64-1, 64-2.

On November 22, 2021, defendant asked the government to produce "[a]ll discoverable materials related to the identity, known or unknown, of the individuals who allegedly signed the Forms I-205 (warrant of removal) for Mr. Pulido, including all discoverable communications from counsel or the case agent related to the investigation into the identity of those individuals." Dkt. 87-1 at 2. The government responded that it has been unable to identify or locate the signatories, and objects to producing communications relating to the investigation into their identities as beyond the scope of its discovery obligations. *See* Dkt. 87-2 at 4; Dkt. 87-3 at 3.

**I.    The Government's Pretrial Disclosure Obligations**

Under *Brady v. Maryland*, 373 U.S. 83 (1963) ("*Brady*"), the government has an obligation to produce to a defendant in a criminal action evidence that is favorable to the accused because it is either exculpatory or impeachment material. *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). If there is doubt regarding whether materials should be disclosed pursuant to *Brady*, it should be resolved in favor of the defendant and full disclosure made. *United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009).

Federal Rule of Criminal Procedure 16(a)(1)(E) ("Rule 16") also provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) <u>the item is material to preparing the defense</u>; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

(emphasis added). Materiality is a "low threshold; it is satisfied so long as the information … would have helped" to prepare a defense. *United States v. Hernandez–Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (citation and internal quotation marks omitted); *see also United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) ("This materiality standard normally is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." (citations and internal quotation marks omitted)).

"To receive discovery under [Rule 16], the defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (citation and quotation marks omitted); *see also United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) ("Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense."). Rule 16 is "broader than *Brady*" because "[i]nformation that is not exculpatory or impeaching may still be relevant to developing a possible defense." *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013).

Rule 16, however, "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an

attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Several courts have held that interagency communications, including emails, fall within this exception and need not be produced. *See, e.g.*, *Gollaher v. United States*, 419 F.2d 520, 527-28 (9th Cir. 1969) (holding intra-agency communications were not discoverable); *United States v. Wilson*, No. 04-cr-00476-SJO, 2017 WL 11489965, at *4 (C.D. Cal. Dec. 4, 2017) (holding emails exchanged by FBI agent while she investigated the defendant and related to decisions regarding when and how to prosecute the case were not discoverable); *United States v. Lambus*, No. 20-cr-15382-JBW-MDG, 2016 WL 4536867, at *2 (E.D.N.Y. Aug. 30, 2016) ("Rule 16(a)(2) protects from disclosure emails, notes, reports and memoranda made by government agents during the course of an investigation or prosecution."); *United States v. Williams*, No. 13-cr-00764-WHO-1, 2015 WL 13359890, at *3 (N.D. Cal. June 23, 2015) ("If all letters or emails between law enforcement agencies concerning investigations were required to be produced, it would negatively impact public safety and the ability of those agencies to communicate effectively. Courts deny requests for communications between law enforcement agencies as not material or, assuming materiality, as protected under Federal Rule of Criminal Procedure 16(a)(2).").

Even if a document is "material" under Rule 16(a)(1)(E), the government need not produce it if it is subject to the Rule 16(a)(2) exception. *See* Fed. R. Crim. P. 16(a)(2) (listing Rule 16(a)(1)(A)-(D), (F), and (G), but not Rule 16(a)(1)(E), as exceptions to Rule 16(a)(2) protections); *see also Williams*, No. 2015 WL 13359890, at *3 (noting courts find communications protected by Rule 16(a)(2) even if material).

/ / /

/ / /

4

## II. Analysis

The defense argues communications from government counsel related to the investigation into the identity of the individuals who signed the Forms I-205 are discoverable under Rule 16 and *Brady*:

> There are myriad possible scenarios in which this correspondence could be exculpatory as to guilt or punishment, or used for impeachment. What if the government sent the two warrants to the border processing center at San Ysidro and was told that neither signature matched that of any agent who had ever worked there? What if the government has made no efforts whatsoever to identify the two signatories? What if the government was given some information about who the signatories might be, but chose not to pursue it? … If the defense had access to the requested correspondence, could it conduct its own investigation into the signatories' identities and discover impeaching information about them? What if one or both of the signatories have a history of failing to follow protocols, or were terminated?

Mot. 7-8. The government responds that defendant is not entitled to its written correspondence because (1) under Rule 16(a)(1)(E), defendant's hypotheticals do not satisfy the required threshold showing of materiality, (2) assuming materiality, the correspondence is protected from disclosure by Rule 16(a)(2), and (3) the correspondence is not discoverable under *Brady*. *See generally* Opp.

Here, after reviewing the government's written correspondence that were lodged in camera on February 11, 2022, the court finds that, even assuming they are "material" under Rule 16(a)(1)(E), which they are not, the materials are protected from disclosure under Rule 16(a)(2) because they were made "in connection with investigating or prosecuting the case." *See, e.g.*, *Wilson*, 2017 WL 11489965, at *4. Further, the court concludes the materials are not subject to disclosure under *Brady*. Accordingly, the court DENIES defendant's Motion.

## **CONCLUSION**

For the reasons stated above, the court DENIES defendant's Motion to Compel Discovery (Dkt. 76). In the event the government acquires possession, custody, or

control of additional materials that fall within the scope of this court's January 27, 2022 order, Dkt. 100, the government is ORDERED to lodge the materials in camera with the court for its review through trial. The court will rule thereafter.

IT IS SO ORDERED.

Dated: February 14, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge