UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HUGO PULIDO-AVINA,<br><br>    Defendant. | Case No. 2:21-cr-00396-FLA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENT [DKT. 77]** |

## **RULING**

Defendant Hugo Pulido-Avina ("defendant" or "Pulido-Avina") is indicted on a single count of being an alien found in the United States following removal, in violation of 8 U.S.C. §§ 1326(a), (b)(2). Dkt. 16. Trial will begin on February 22, 2022. Dkt 107.

On December 17, 2021, defendant filed the instant Motion to Suppress defendant's statement dated February 18, 2017 ("Motion"). Dkt. 77 ("Mot."). The United States of America ("the government") opposes the Motion. Dkt. 86 ("Opp."). The court granted defendant's request for and held an evidentiary hearing on this

matter on February 11, 2022.  Dkt. 99.  For the reasons stated herein, the court DENIES defendant's Motion.

## DISCUSSION

In the present Motion, defendant seeks to suppress statements recorded on a Form I-213 Record of Deportable Alien (the "I-213 Form") and a Form I-877 Record of Sworn Statement in Administrative Proceedings (the "I-877 Form") on the ground that defendant's statements were obtained in violation of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966) ("*Miranda*").  The forms memorialize defendant's interview with U.S. Immigration and Customs Enforcement ("ICE") Deportation Officer Darius Peele ("Officer Peele") dated February 18, 2017, after defendant came to the attention of ICE while incarcerated at the Los Angeles County Jail.[1]  *See* Dkt. 77-1, 77-2.

According to the government, before an individual is deported, immigration officials complete an I-213 Form to determine the individual's eligibility for deportation, and an I-877 Form to take sworn testimony regarding the person's deportation history.  Opp. 3.  Neither the I-213 or I-877 Form contains a *Miranda* warning.  *See* Dkt. 77-1, 77-2.  The forms here note defendant stated he was a citizen and national of Mexico with no claims to United States citizenship, was last deported on August 22, 2015 and re-entered the United States two days later, and lacked permission to re-enter the country.  *Id.*  The I-213 Form states defendant was "being processed for a Reinstatement of Prior Deportation Order (I-871) under Section 241 of the INA," but also notes defendant was "eligible for Title 8 USC 1326 Sentence."  Dkt. 77-1 at 4.  The I-213 Form also explains that defendant was to remain in ICE custody pending referral to an Asylum Officer due to his claim of fear of returning to Mexico.  *Id.* at 4-5.

---

[1] The government notes Officer Peele is no longer an ICE officer.  Opp. 2.

Defendant ultimately was deported on or about March 31, 2017, approximately one month after his interview with Officer Peele, without facing prosecution for his 2015 illegal reentry. *See* Dkt. 16; Opp. 6. The indictment in this case was filed on August 24, 2021. *Id.* (charging defendant with illegal reentry under 8 U.S.C. §§ 1326(a), (b)(2)). It alleges defendant was found in the country on February 2, 2020, having been deported on or about August 20, 2015 and March 31, 2017. *Id.*

## I. Legal Standard

The Supreme Court in *Miranda* "require[d] the police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before the start of custodial interrogation." *United States v. Loucious*, 847 F.3d 1146, 1149 (9th Cir. 2017). Questions are considered "interrogation"[2] for purposes of *Miranda* if they are "reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

The Ninth Circuit has held that an I-213 interview is not an "interrogation" when conducted for the administrative purpose of determining whether the individual is deportable, and the interviewer has no reason to believe the statements would be incriminating. *See United States v. Salgado*, 292 F.3d 1169, 1173 (9th Cir. 2002) (noting the interview "did not take place during the 'investigation' stage of the crime for which [the defendant] is convicted in this case. He was suspected at the time of the interview only of having committed state misdemeanors that had nothing to do with his immigration status. He was deported—not prosecuted."); *see also United States v. Lopez-Villegas*, 413 F. App'x 992, 993 (9th Cir. 2011) (affirming district court's holding that an individual's "statements admitting alienage were not likely to elicit an incriminating response" because they occurred during a "routine administrative interview conducted to determine whether any legitimate claim for

---

[2] The parties do not dispute defendant was in "custody" for purposes of *Miranda* at the time of Officer Peele's interview.

relief from removal existed," and therefore, did not require a *Miranda* advisal). On the other hand, if officials question a person in connection with an ongoing prosecution for violating immigration laws or the person is subject to an especially heightened risk of prosecution, statements are properly suppressed in the absence of a *Miranda* warning. *See United States v. Chen*, 439 F.3d 1037, 1041-42 (9th Cir. 2006).

II.     **Analysis**

Here, defendant has failed to establish that the 2017 interview with Officer Peele was the result of a pending criminal investigation or that defendant was "subject to an especially heightened risk of prosecution." *Id*. At the evidentiary hearing, Officer Peele testified credibly under oath that if an individual was going to be prosecuted for illegal reentry, his personal practice was to make a notation of this fact on the I-213 Form and complete a separate *Miranda* rights form. Although the I-213 Form here notes that defendant was "eligible" for prosecution under 8 U.S.C. § 1326, it also definitively states that defendant was being processed for removal pursuant to a prior deportation order. Dkt. 77-1 at 4. Officer Peele testified that at the time he interviewed defendant, ICE was not presenting his case for possible prosecution and that the United States Attorney's Office was not contemplating criminal charges. Indeed, defendant "was deported—not prosecuted" pursuant to the prior deportation order approximately one month after Officer Peele interviewed him. *Salgado*, 292 F.3d at 1173. The indictment in the instant case was not filed until August 2021, approximately 4.5 years after Officer Peele's completion of the I-213 and I-877 Forms in February 2017. Officer Peele could not have known in February 2017 that, following defendant's subsequent removal, he would again be found in the United States in February 2020 and face prosecution in 2021.

Thus, there is strong evidence that the February 2017 interview was merely administrative and conducted solely for the purpose of processing defendant's deportation, and that defendant was not subject to a heightened risk of prosecution at the time of the interview. Accordingly, defendant was not "interrogated" for purposes

4

of potential criminal prosecution, and *Miranda* warnings were not required.  See *Salgado*, 292 F.3d at 1172-73.  The court DENIES defendant's Motion to Suppress the statements in the I-213 and I-877 Forms.

## **CONCLUSION**

For the reasons stated above, the court DENIES defendant's Motion to Suppress Statement (Dkt. 77).

IT IS SO ORDERED.

Dated: February 14, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge