1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>            v.<br><br><br>HUGO PULIDO-AVINA,<br><br>                        Defendant. | Case No. 2:21-cr-00396-FLA<br><br>**ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE IMPROPER EXPERT TESTIMONY [DKT. 65]** |

## RULING

On August 24, 2021, defendant Hugo Pulido-Avina ("defendant" or "Pulido-Avina") was indicted on a single count of being an alien found in the United States following removal, in violation of 8 U.S.C. §§ 1326(a), (b)(2). Dkt. 16. Trial will begin on February 22, 2022. Dkt. 107.

On December 17, 2021, defendant filed the instant Motion in Limine to Exclude Improper Expert Testimony and Request for Daubert Hearing ("Motion"). Dkt. 65 ("Mot."). The United States of America ("the government") opposes the Motion. Dkt. 73 ("Opp.").

1    On January 21, 2022, the court granted defendant's request for a *Daubert*[1]

2    hearing, which was held on February 11, 2022.  Dkts. 95, 107.  For the reasons stated

3    below, the court DENIES defendant's Motion and allows Deportation Officer Andres

4    Gonzalez to testify as an expert witness at trial.

5    ## **BACKGROUND**

6    The government intends to call Immigration Customs and Enforcement/

7    Enforcement and Removal Operations ("ICE/ERO") Deportation Officer Andres

8    Gonzalez[2] as an expert witness at trial to testify regarding defendant's alleged prior

9    deportations and ICE/ERO policies and procedures for removing an alien from the

10   United States.  *See generally* Mot.  According to the government:

> Based on his on-the-job training, experience, and background, Officer
> Gonzalez will testify that once a final order of removal has issued,
> ICE/ERO facilitates and coordinates the alien's departure from the
> United States, including watching the alien walk by foot across the
> border into Mexico.  … Officer Gonzalez will also testify that an alien's
> removal is typically documented in an I-205 Warrant of Removal/
> Deportation form by a stamp, specifying the date and mode of departure
> and verifying removal, and by a signature of the officer who witnessed
> the alien's departure. … Additionally, Officer Gonzalez will testify based
> on his review of the I-205 Warrants of Removal/Deportation (Bates
> 2282–83, 2279) and other records in this case that it is his opinion that
> defendant Hugo Eduardo Pulido-Avina was, in fact, removed from the
> United States on August 20, 2015, and March 31, 2017, consistent with
> ICE/ERO policies and practices.

21   Dkt. 73-2 at 3.

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[2] The government originally identified the trial witness as Deportation Officer
Minerva Bolivar.  Dkt. 65-2.  Defendant, thus, filed the present Motion seeking to
preclude Officer Bolivar from testifying as an expert witness.  *See generally* Mot.
After the filing of the Motion, however, the government informed defendant it
planned to call Officer Gonzalez instead.  Dkt. 73-2.  Defendant maintains the same
objections to Officer Gonzalez's proffered expert testimony.  Dkt. 75 ("Reply") at 1.

The government argues that Officer Gonzalez may testify as an expert witness, or in the alternative, that his testimony is admissible as lay opinion.[3]  *See generally* Opp.; *see also* Dkt. 73-2 at 2.  Defendant objects.  *See generally* Mot.

## DISCUSSION

The Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert*, 509 U.S. at 597.  Under Fed. R. Evid. 702 ("Rule 702"), "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

As an initial matter, the court finds that Officer Gonzalez is "qualified" under Rule 702 due to his 11 years of experience and on-the-job training as a deportation officer, and defendant does not appear to argue otherwise.  *See Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1429 (9th Cir. 1991) ("A witness can qualify as an expert through practical experience in a particular field, not just through academic training.").  During his tenure at ICE, Officer Gonzalez has worked in four different units: (1) Staging/Transport; (2) Criminal Alien Processing ("CAP"); (3) Non-Detain; and (4) ERO Criminal Prosecutions ("ECP").  *See* Dkt. 73-3 (Officer Gonzalez's curriculum vitae).

Officer Gonzalez testified at the hearing that although he did not receive formal training other than annual "refresher" courses when he transitioned from one

---

[3] As the court finds Officer Gonzalez may testify as an expert at trial, the court need not address the parties' arguments regarding his opinion as a layperson.

assignment to another,[4] he shadowed and was trained by more senior officers for two months when he started in the Staging/Transport unit, and then for several weeks in the other units.  Significantly, while in the Staging/Transport unit, Officer Gonzalez personally removed aliens and prepared removal documents at a rate of approximately 15 removals per week for seven years, from 2010 to 2017.  Opp. 3; *see also* Dkt. 73-3. He testified that he was working in the Staging/Transport unit in August 2015 and March 2017—when the government alleges defendant was deported—and was responsible for transporting individuals to the border to witness their departure from the United States.  Officer Gonzalez, thus, is qualified to give his opinion on the deportation issues relevant to this case in light of his extensive experience as a deportation officer.

Below, the court considers in turn defendant's arguments against allowing Officer Gonzalez to testify as an expert.

## A.    Discovery Obligations

Defendant first argues the government has not complied with the expert disclosure obligations of Fed. R. Crim. P. 16 ("Rule 16").  Mot. 3-4.  Rule 16(a)(1)(G) provides that upon a defendant's request, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use … during its case-in-chief at trial," including "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

The government argues that it has complied with its discovery obligations because, in relevant part, (1) on November 17, 2021, the government sent defendant a general expert disclosure for an ICE/ERO officer (Dkt. 65-1), (2) on December 23, 2021, the government provided a supplemental disclosure regarding Officer Gonzalez specifically and included his curriculum vitae (Dkts. 73-1 ¶ 3, 73-2), and (3) on

---

[4] Officer Gonzalez testified he underwent four months of formal Academy training upon joining ICE and before his first field assignment.

December 30, 2021, the government provided defense counsel with additional requested information regarding Officer Gonzalez (Dkt. 73-1 ⁋ 5).  Opp. 16-17.  Defendant acknowledges that the disclosure states Officer Gonzalez's opinion, but argues that listing his "education, training, experience, and familiarity with the policies and procedures of ICE/ERO" as the "bases and reasons" for his opinion is inadequate.  Mot. 4.

Upon review of the disclosures, the court agrees with the government that it has complied with Rule 16's disclosure obligations.  The December 23, 2021 disclosure adequately describes Officer Gonzalez's opinions, the bases and reasons for those opinions, and his qualifications per his curriculum vitae.  The disclosures were made several months before trial, giving defendant adequate time to rebut and move to exclude the anticipated evidence.  The court, therefore, declines to prevent Officer Gonzalez from testifying as an expert on this basis.

**B.    Helpfulness**

For expert testimony to satisfy the helpfulness prong of Rule 702(a), "the subject matter at issue must be beyond the common knowledge of the average layman[.]"  *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002).

Defendant argues that Officer Gonzalez's proposed testimony fails to satisfy Rule 702(a) because it will not be helpful to the jury.  Mot. 4-7.  According to defendant, the Forms I-205 use simple language and the jury does not need an expert to help it understand whether defendant "set foot in Mexico after being deported."  Mot. 6.  The court, however, agrees with the government that most jurors likely will not have experience with, or an informed understanding of, this country's removal processes and how to interpret the Forms I-205.  Indeed, the Ninth Circuit has noted that courts "must be cautious not to overstate the scope of the average juror's common understanding and knowledge."  *Finley*, 301 F.3d at 1013.  Officer Gonzalez plans to testify that officers are trained to sign the forms after witnessing the alien's removal,

1  which will assist the jury in determining one of the elements of the charged offense—

2  i.e., whether defendant was in fact removed from the United States.

3      Defendant responds that it is inappropriate for a law enforcement expert to offer

4  a conclusory opinion that the government has proven an element of the offense.  Mot.

5  5.  Although Officer Gonzalez "is not permitted to give a direct opinion about the

6  defendant's guilt or innocence," he "may otherwise testify regarding even an ultimate

7  issue to be resolved by the trier of fact."  *United States v. Lockett*, 919 F.2d 585, 590

8  (9th Cir. 1990); *see also* Fed. R. Evid. 704(a) ("An opinion is not objectionable just

9  because it embraces an ultimate issue.").  Here, the jury will be left to determine

10  whether the government has proven that the defendant was in fact deported in 2015

11  and/or 2017 in light of Officer Gonzalez's testimony.  Officer Gonzalez will not

12  impermissibly opine regarding defendant's guilt or innocence, but instead will assist

13  the jury in understanding the removal process and determining whether defendant was

14  previously deported.

15      The court, thus, finds Officer Gonzalez's anticipated testimony satisfies the

16  helpfulness prong of Rule 702(a).

17      **C.    Reliability**

18      Federal Rule of Evidence 702 "grant[s] expert witnesses testimonial latitude

19  unavailable to other witnesses on the assumption that the expert's opinion will have a

20  reliable basis in the knowledge and experience of his discipline."  *Kumho Tire Co. v.*

21  *Carmichael*, 526 U.S. 137, 148 (1999) (internal quotation omitted).  For expert

22  testimony that rests upon non-scientific foundations, "the relevant reliability concerns

23  may focus upon personal knowledge or experience."  *Id.* at 150.  In assessing

24  reliability, the court must not only consider a law enforcement officer's qualifications

25  and experience, but also ensure the officer's general expertise is linked to his

26  proffered opinion.  *United States v. Valencia-Lopez*, 971 F.3d 891, 900 (9th Cir.

27  2020).  A trial judge has "considerable leeway in deciding in a particular case how to

28

1    go about determining whether particular expert testimony is reliable." *Kumho Tire*,

2    526 U.S. at 152.

3          Defendant argues Officer Gonzalez's anticipated opinion that defendant was

4    removed to Mexico is not based on data or research, and thus lacks grounding in

5    reliable principles or methods under Rule 702(c).  Mot. 7-8.  Specifically, defendant

6    notes that ICE lacks written guidance relating to the removal of aliens or execution of

7    a Form I-205.  Dkt. 75 at 4-5.  According to defendant, in the absence of national

8    written standards, there is no assurance that Officer Gonzalez's experience removing

9    aliens is indicative of how other officers remove aliens and when they sign the Forms

10   I-205, therefore his testimony fails Rule 702's reliability requirement.  *Id.*

11         At the hearing, however, Officer Gonzalez testified that his opinion is based on

12   not only his 11 years of experience executing Forms I-205, but also personally

13   conducting, observing, and discussing removals with colleagues.  Officer Gonzalez

14   was also trained on how to complete the forms during the relevant time period in

15   which defendant was allegedly removed from the country.  Although Officer

16   Gonzalez may not personally know or be qualified to opine on whether other officers

17   deviated from protocol during removals, this point goes to "the weight of the

18   testimony, rather than its admissibility, and could be explored on cross-examination."

19   *United States v. Wells*, 879 F.3d 900, 934 (9th Cir. 2018) (citing *Daubert*, 509 U.S. at

20   596).

21         The court, therefore, finds that Officer Gonzalez's knowledge and experience as

22   an ICE officer conducting removals and completing Forms I-205 for 11 years, and

23   during the time period relevant in the instant action, forms a sufficiently reliable basis

24   for his anticipated opinion that defendant was actually deported.  *See Kumho Tire*, 526

25   U.S. at 150.  The court is also satisfied that Officer Gonzalez's personal experience

26   with deportations is linked to his opinion regarding defendant's removal such that he

27   can reliably opine on the matter.  *See Valencia-Lopez*, 971 F.3d at 900.

28   / / /

**D. Hearsay**

Defendant notes that Officer Gonzalez's opinion testimony appears to be based entirely on the Forms I-205 at issue, which defendant argues are inadmissible hearsay. Mot. 8.  The court, however, ruled on January 11, 2022 that the Forms I-205 are admissible under the public records exception to the rule against hearsay.  Dkt. 83; Fed. R. Evid. 803(8).  Accordingly, the court declines to grant defendant's Motion on this basis.

**E. Mixing Lay and Expert Testimony**

Finally, defendant notes that the government has not disclosed whether Officer Gonzalez has any personal knowledge of this case, such that he might also be a percipient witness.  Mot. 9.  Defendant argues that an expert witness who is also a lay witness raises special concerns because it could confuse the jury to also have him serve as an expert.  *Id.*  At the hearing, Officer Gonzalez testified that he did not have any personal knowledge of defendant's removal.  Defendant's argument, thus, is moot.

/ / /

/ / /

/ / /

## **CONCLUSION**

For the reasons stated above, the court DENIES defendant's Motion in Limine to Exclude Improper Expert Testimony (Dkt. 65).  Officer Gonzalez is permitted to testify as an expert witness at trial.  Specifically, Officer Gonzalez may testify regarding ICE/ERO's removal policies and procedures, and may opine that defendant was removed from the country based on the "facts or data in the case that [he] has been made aware of or personally observed," Fed. R. Evid. 703, including the Forms I-205, but may not testify that defendant was, in fact, deported, without personal knowledge of that fact.

IT IS SO ORDERED.

Dated: February 17, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge